FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 AUG 19 PM 3:23

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff and Counter Defendant, | )<br>)<br>) |
| v. | ) CASE NO. CV412-146 |
| MARK ALLEN WELLS, YVONNE WELLS, and DOUGLAS PITTS, | )<br>)<br>) |
| Defendants and Counterclaimants, | )<br>)<br>) |
| and | )<br>) |
| BULL RIVER MARINA, LLC, CHRISTOPHER TANNER, and THOMAS WILLIAMS, II, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

# ORDER

Before the Court are Plaintiff and Counter Defendant North American Specialty Insurance Company's ("Plaintiff NAS") Motion to Preclude Expert Testimony (Doc. 33), Motions to Dismiss Counterclaims (Doc. 35; Doc. 48; Doc. 49), and Motion for Default Judgment Against Defendant Bull River Marina, LLC ("Defendant Bull River Marina") (Doc. 15). For the following reasons, Plaintiff's motions are **GRANTED** and the counterclaims are **DISMISSED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Counterclaimants Mark Allen

Wells ("Defendant Wells"), Yvonne Wells, and Douglas Pitts ("Defendant Pitts") and Counter Defendant NAS. Further, the Clerk of Court is **DIRECTED** to enter judgment, pursuant to Federal Rule of Civil Procedure 58, against Defendant Bull River Marina.

**BACKGROUND**

This declaratory judgment action is the result of a case brought in the Superior Court of Chatham County arising from bodily injuries sustained on September 18, 2009 by Defendant Wells and Defendant Pitts during a chartered fishing trip captained by Defendant Thomas Williams, II of Defendant Bull River Marina. (Doc. 29 ¶¶ 12-16.) Plaintiff NAS issued two insurance coverage policies to Defendant Bull River Marina for the period between April 20, 2009 and April 20, 2010. (Id. ¶ 32.) At issue in this case is whether the insurance policies provide coverage for the injuries sustained on the chartered fishing trip. Defendant Christopher Tanner was the manager of Defendant Bull River Marina.

After Plaintiff NAS filed the complaint, Defendant Wells (Doc. 34), his spouse—Defendant Yvonne Wells (Doc. 38), and Defendant Pitts (collectively, "Counterclaimant Defendants") (Doc. 37) filed individual counterclaims against Plaintiff NAS, similarly seeking a declaratory

judgment "establishing that [Plaintiff NAS] has and does provide liability insurance coverage." (Doc. 34 at 9-10.) Plaintiff NAS has moved to dismiss these counterclaims. Defendant Wells has also retained an expert, Mr. Phil Kentfield, who is to offer testimony that the insurance policies do not exclude coverage for the events at issue. (Doc. 27 at 2.) Plaintiff NAS has also filed a Daubert motion to exclude this testimony. (Doc. 33.)

**ANALYSIS**

I. PLAINTIFF'S DAUBERT MOTION

The admission of expert testimony is controlled by Federal Rule of Evidence 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

"As the Supreme Court made abundantly clear in Daubert, Rule 702 compels district courts to perform the critical gatekeeping function concerning the admissibility of expert scientific evidence." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004) (internal quotation omitted).

The Eleventh Circuit Court of Appeals has explained that district courts fulfill that function by engaging in a three part inquiry, considering whether

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as to be determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific . . . expertise, to understand the evidence or to determine a fact in issue.

Id. While there will often be some overlap between these concepts of qualification, reliability, and helpfulness, they are distinct concepts that courts should be careful not to conflate. Quiet Tech. DC-8, Inc. v. Hurel-Dubois, UK, Ltd., 326 F.3d 1333, 1341 (11th Cir. 2003). The burden of establishing that these requirements are met rests with the proponent of the expert testimony, and not the Daubert challenger. McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1257 (11th Cir. 2002).

Further, Federal Rule of Evidence 704(a) provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." However, an expert may not "merely tell the jury what result to reach." Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990) (citing Fed. R. Civ. P. 704 committee notes (telling jury

what result to reach is not helpful to jury and therefore not admissible testimony)). For expert testimony that properly goes to the ultimate issue, "it is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." Quiet Tech, 326 F.3d at 1341; see also Rosenfield v. Oceania Cruises, Inc., 654 F.3d 1190, 1193-94 (11th Cir. 2011). The Supreme Court in Daubert opined that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596; see Quiet Tech, 326 F.3d at 1341.

The Eleventh Circuit and courts within the Eleventh Circuit have excluded expert testimony where it is simply a reiteration or recasting of a parties' interpretation of a contract. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1111 (11th Cir. 2005) ("[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing data only by the ipse dixit of the expert."); Frazier, 387 F.3d at 1262-63 ("[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."); Mich. Millers

Mut. Ins. Corp. v. Benfield, 140 F.3d 915, 921 (11th Cir. 1998); Coyote Portable Storage, LLC v. PODS Enters., Inc., 2011 WL 1870593, at *3-4 (N.D. Ga. May 16, 2011) (unpublished) ("The question of interpretation of the contract is for the [trier of fact], and the question of legal effect is for the judge. In neither case do we permit expert testimony."); Ramjeawan v. Bank of Am., 2010 WL 1645097, at *1 (S.D. Fla. Apr. 21, 2010) (unpublished); Am. Mut. Ins. Co. v. Morowitz, 2009 WL 2179703, at *2 (S.D. Fla. Oct. 1, 2009); Plantation Pipeline v. Cont'l Cas. Co., 2008 WL 4737163, at *7 (N.D. Ga. July 31, 2008).

Plaintiff NAS seeks to exclude the expert testimony of Defendant Wells's expert—Mr. Phil Kentfield—because he is "merely attempting to offer expert testimony . . . that is nothing more than legal opinions and conclusions." (Doc. 33 at 3.) Plaintiff contends that Mr. Kentfield's testimony—namely, that an exception to the watercraft exclusion is applicable to this case and that coverage exists—should be barred. (Id. at 2.) Defendant Wells responded in opposition, arguing that Mr. Kentfield's testimony should not be excluded, as it properly embraces an ultimate issue and is within the scope of Mr. Kentfield's undisputed knowledge, training, and qualifications. (Doc. 54 at 9.)

While expert testimony to the ultimate issue is sometimes permissible, see Fed. R. Civ. P. 704(a), Mr. Kentfield's legal conclusions regarding the interpretation of the insurance policy terms are not. Mr. Kentfield testified that under his interpretation of the insurance policy, Plaintiff NAS has a duty to provide coverage for the event in question. (Doc. 27 at 2.) Here, that opinion is nothing more than a reiteration or recasting of Defendant Wells's interpretation of the insurance contract. Mr. Kentfield's opinion is excluded because it offers "nothing more than what lawyers for the parties can argue in closing argument." Cook, 402 F.3d at 1111 (citing Frazier, 387 F.3d at 1262-63); see Montgomery, 898 F.3d at 1541 (finding district court abused its discretion by allowing expert to testify about legal conclusions and obligations arising out of an insurance policy). Accordingly, Plaintiff NAS's motion (Doc. 33) is **GRANTED**.

III. PLAINTIFF'S MOTION TO DISMISS DEFENDANTS COUNTERCLAIMS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint or counterclaim to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1] "[T]he pleading standard Rule 8 announces does

---

[1] Plaintiff's motions improperly set forth the standard for motions to dismiss under O.C.G.A. § 9-11-12(b)(6) and Georgia case law. Federal courts sitting in diversity

7

not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Aschroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).[2] "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Iqbal, 556 U.S. at 678 (internal quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (quotations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). For a claim or counterclaim to have facial plausibility, the plaintiff must plead factual content that "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Sinaltrainal v. Coca-Cola Co.,

---

jurisdiction, or relying upon 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, apply federal procedural law. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).

[2] Iqbal makes clear that Twombly has been the controlling standard on the interpretation of Federal Rule of Civil Procedure 8 in all cases since it was decided. Iqbal, 556 U.S. at 684 ("Though Twombly determined the sufficiency of a complaint sounding in antitrust, the decision was based on our interpretation and application of Rule 8 . . . [that] in turn governs the pleading standard in all civil actions and proceedings in the United States district courts." (internal quotations and citations omitted)).

578 F.3d 1252, 1261 (11th Cir. 2009) (quoting Iqbal, 556 U.S. at 678). Plausibility does not require probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557.) Additionally, a complaint is sufficient only if it gives "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Sinaltrainal, 578 F.3d at 1268 (quoting Twombly, 550 U.S. at 555).

When the Court considers a motion to dismiss, it accepts the well-pleaded facts in the complaint or counterclaim as true. Sinaltrainal, 578 F.3d at 1260. However, this Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. Moreover, "unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal, 578 F.3d at 1268. That is, "[t]he rule 'does not impose a probability requirement at the pleading stage,' but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal

evidence of the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 545). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. As such, a district court may "insist upon some specificity in [the] pleading before allowing a potentially massive factual controversy to proceed." Id. at 558.

Presently, Plaintiff NAS has moved to dismiss Defendant Wells's counterclaim (Doc. 35), Defendant Pitts's counterclaim (Doc. 48), and Defendant Yvonne Wells's counterclaim (Doc. 49). According to Plaintiff NAS, these counterclaims simply seek the Court to enter a declaratory judgment against Plaintiff NAS, which would be the exact result should Plaintiff's action fail. (See Doc. 8 at 3.) Counterclaimant Defendants individually responded in opposition (Doc. 47; Doc. 56; Doc. 57), contending that they should be permitted to assert counterclaims "so as to cover [Defendants'] claim[s] for damages as pending in the State Court action . . . [and] nothing in Georgia law specifically prohibits such a counterclaim from being filed." (Doc. 47 at 4-5; Doc. 56 at 4; Doc. 57 at 4.)

However, seeking a declaratory judgment counterclaim that is identical to a declaratory judgment defense is

unnecessary. Upon its resolution, the declaratory judgment action brought by Plaintiff NAS will fully establish a finding as to the coverage under the policy. In that regard, Defendants' counterclaims are duplicitous. Despite Counterclaimant Defendants' supposed concerns to the contrary, there is no risk of inconsistent judgments issued by this Court as to the declaratory action. Accordingly, Plaintiff NAS's motions (Doc. 35; Doc. 48; Doc. 49) are **GRANTED**.

IV. <u>PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>

Plaintiff NAS has also filed a Motion for Default Judgment against Defendant Bull River Marina. (Doc. 15.) On September 6, 2012, Defendant Bull River Marina was served (Doc. 12) and has failed to serve any responsive pleading within the time allowed. The Clerk of Court has entered default. (Doc. 14.) After careful consideration, Plaintiff NAS's motion is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment against Defendant Bull River Marina pursuant to Federal Rule of Civil Procedure 58.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions are **GRANTED** and the counterclaims are **DISMISSED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Counterclaimants Mark Allen Wells ("Defendant Wells"), Yvonne Wells, and Douglas Pitts

11

("Defendant Pitts") and Counter Defendant NAS. Further, the Clerk of Court is **DIRECTED** to enter judgment, pursuant to Federal Rule of Civil Procedure 58, against Defendant Bull River Marina.

SO ORDERED this 19th day of August 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA